**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| MICHAEL KENT,<br><br>        Plaintiff,<br><br>     v.<br><br>CHEMOCENTRYX, INC., THOMAS J. SCHALL, THOMAS A. EDWARDS, JOSEPH M. FECZKO, JENNIFER L. HERRON, RITA I. JAIN, SUSAN M. KANAYA, GEOFFREY M. PARKER, JAMES L. TYREE, and DAVID E. WHEADON,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against ChemoCentryx, Inc. ("ChemoCentryx" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by Amgen, Inc. ("Amgen").[1]

2. On August 3, 2022, the Company entered into an Agreement and Plan of Merger

---

[1] The proposed acquisition of the Company described herein is referred to as the "Proposed Transaction."

with Amgen and Carnation Merger Sub, Inc. ("Merger Sub") (the "Merger Agreement"). The Merger Agreement provides that the Company's stockholders will receive $52.00 in cash for each share of Company common stock held.

3. The Company's corporate directors subsequently authorized the September 14, 2022 filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder

---

[2] The Special Meeting at which stockholders will be asked to approve the Proposed Transaction currently is scheduled for October 18, 2022.

pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of ChemoCentryx common stock.

10. Defendant ChemoCentryx is a Delaware corporation with its principal executive offices located at 835 Industrial Road, Suite 600, San Carlos, California 94070. ChemoCentryx's shares trade on the Nasdaq Global Select Market under the ticker symbol "CCXI." ChemoCentryx is a biopharmaceutical company focused on the development and commercialization of new medications for inflammatory disorders, autoimmune diseases, and cancer in the United States.

11. Defendant Thomas J. Schall is and has been Chairman of the Board and President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12. Defendant Thomas A. Edwards is and has been a director of the Company at all times relevant hereto.

13. Defendant Joseph M. Feczko is and has been a director of the Company at all times relevant hereto.

14. Defendant Jennifer L. Herron is and has been a director of the Company at all times relevant hereto.

15. Defendant Rita I. Jain is and has been a director of the Company at all times relevant hereto.

16. Defendant Susan M. Kanaya is and has been a director of the Company at all times relevant hereto.

17. Defendant Geoffrey M. Parker is and has been a director of the Company at all times relevant hereto.

18. Defendant James L. Tyree is and has been a director of the Company at all times relevant hereto.

19. Defendant David E. Wheadon is and has been a director of the Company at all times relevant hereto.

20. Defendant Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On August 4, 2022, Amgen and ChemoCentryx jointly announced in relevant part:

> THOUSAND OAKS, Calif. And SAN CARLOS, Calif., Aug. 4, 2022 /PRNewswire/ -- Amgen (NASDAQ: AMGN) and ChemoCentryx, Inc., (NASDAQ: CCXI), a biopharmaceutical company focused on orally administered therapeutics to treat autoimmune diseases, inflammatory disorders and cancer, today announced that the companies have entered into a definitive agreement under which Amgen will acquire ChemoCentryx for $52 per share in cash, representing an enterprise value of approximately $3.7 billion.

"The acquisition of ChemoCentryx represents a compelling opportunity for Amgen to add to our decades-long leadership in inflammation and nephrology with TAVNEOS, a transformative, first-in-class treatment for ANCA-associated vasculitis," said Robert A. Bradway, chairman and chief executive officer at Amgen. "We are excited to join in the TAVNEOS launch and help many more patients with this serious and sometimes life-threatening disease for which there remains significant unmet medical need. We also look forward to welcoming the highly skilled team from ChemoCentryx that shares our passion for serving patients suffering from serious diseases."

"A fierce commitment to improving human lives is the bond that unites Amgen and ChemoCentryx today," said Thomas J. Schall, Ph.D., president and chief executive officer of ChemoCentryx. "Last year, after 25 years of proud history, we at CCXI delivered on our founding promise with the approval of TAVNEOS for patients with anti-neutrophil cytoplasmic autoantibody-associated vasculitis (ANCA-associated vasculitis). It is an honor to now join Amgen's great mission, and together begin a bright new era bringing landscape-shaping medicines like TAVNEOS to those who will benefit most."

TAVNEOS is an orally administered selective complement component 5a receptor inhibitor. It was approved by the U.S. Food and Drug Administration in October 2021 as an adjunctive treatment for adult patients with severe active ANCA-associated vasculitis, specifically granulomatosis with polyangiitis (GPA) and microscopic polyangiitis (MPA) (the two main forms of ANCA-associated vasculitis), in combination with standard therapy.

ANCA-associated vasculitis is an umbrella term for a group of multi-system autoimmune diseases with small vessel inflammation. Inflamed vessels may rupture or become occluded giving rise to a broad array of clinical symptoms and signs related to a systemic inflammatory response which may result in profound injury and dysfunction in the kidneys, lungs and other organs.

Amgen is a leader in inflammation and nephrology. The company's inflammation portfolio includes Otezla®, ENBREL®, TEZSPIRE®, AMGEVITA™ (a biosimilar to HUMIRA®), RIABNI™ (a biosimilar to Rituxan®), and AVSOLA® (a biosimilar to REMICADE®). Amgen's pipeline includes four innovative Phase 2 inflammation medicines – efavaleukin alpha for systemic lupus erythematosus and ulcerative colitis, ordesekimab for celiac disease, rocatinlimab for atopic dermatitis and rozibafusap alfa for systemic lupus erythematosus – as well as ABP 654, a biosimilar to STELARA® that is in Phase 3 development. Amgen's nephrology portfolio includes EPOGEN®, Aranesp®, Parsabiv® and Sensipar®.

U.S. sales of TAVNEOS in the first quarter of 2022, the first full quarter of sales, were $5.4 million. TAVNEOS is also approved in major markets outside the

U.S., including the European Union and Japan. Vifor Fresenius Medical Care Renal Pharma Ltd. will retain exclusive rights to commercialize TAVNEOS outside the U.S., except in Japan where Kissei Pharmaceutical Co., Ltd. holds commercialization rights and Canada where Otsuka Canada Pharmaceutical holds commercialization rights.

In addition to TAVNEOS, ChemoCentryx has three early-stage drug candidates that target chemoattractant receptors in other inflammatory diseases and an oral checkpoint inhibitor for cancer.

The transaction has been unanimously approved by each company's board of directors. The transaction is subject to ChemoCentryx stockholder approval, regulatory approvals and other customary closing conditions, and is expected to close in the fourth quarter of 2022.

Amgen management will comment further on the ChemoCentryx transaction on its Q2 earnings call today.

PJT Partners acted as financial advisor to Amgen and Wachtell, Lipton, Rosen & Katz is serving as its legal advisor. Goldman Sachs & Co. LLC acted as financial advisor to ChemoCentryx, and Latham & Watkins LLP is serving as its legal advisor.

**The Materially Incomplete and Misleading Proxy Statement**

22. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on September 14, 2022. The Proxy Statement, which recommends that ChemoCentryx stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial analyses underlying the fairness opinion provided by Goldman Sachs & Co. LLC ("Goldman"), financial advisor to the Board; (b) the process leading to the Proposed Transaction; and (c) Company insiders' potential conflicts of interest.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts and Goldman's Financial Analyses*

23. The Proxy Statement fails to disclose material information concerning the

financial forecasts for the Company, including the line items underlying forecasted: (a) EBITDA; (b) Unlevered Free Cash Flow; (c) EBIT (AAV Only); and (d) Unlevered Free Cash Flow (AAV Only). The Proxy Statement also fails to disclose a quantification of the assumptions underlying those forecasts.

24. The Proxy Statement also fails to disclose material information concerning Goldman's financial analyses.

25. With respect to the *Illustrative Discounted Cash Flow Analysis - TAVNEOS AAV Only Cash Flows* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the inputs and assumptions underlying the range of discount rates Goldman used in connection with the analysis; (c) the terminal year estimate of the TAVNEOS AAV Only Cash Flows; (d) the estimated benefits of ChemoCentryx's NOLs for the third and fourth quarters of 2022 and years 2023 through 2044; and (e) the Company's fully diluted outstanding shares.

26. With respect to the *Illustrative Discounted Cash Flow Analysis – Aggregate Cash Flows* performed by Goldman, the Proxy Statement fails to disclose: (a) the Company's terminal values; (b) the inputs and assumptions underlying the range of discount rates Goldman used in connection with the analysis; (c) the terminal year estimate of the Aggregate Cash Flows; (d) the estimated benefits of ChemoCentryx's NOLs for the third and fourth quarters of 2022 and years 2023 through 2044; and (e) the Company's fully diluted outstanding shares.

27. With respect to the *Premia Analysis – Undisturbed Closing Stock Price* and *Premia Analysis – 52-Week High Closing Stock Price* performed by Goldman, the Proxy Statement fails to disclose the transactions analyzed, as well as the individual premiums observed for each transaction.

28. With respect to the *Selected Public Company Comparables* analysis performed by Goldman, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies analyzed by Goldman.

*Material Misrepresentations and/or Omissions Concerning the Process Leading to the Proposed Transaction*

29. The Proxy Statement fails to disclose material information concerning the process leading to the Proposed Transaction, including whether the non-disclosure agreement the Company executed with "Party A" on July 29, 2022 included a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding Party A from submitting a topping bid for the Company.

*Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest*

30. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Company insiders, including whether any of Amgen's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

31. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information," "Opinion of Goldman Sachs & Co. LLC," "Background of the Merger," and "Interests of the Directors and Executive Officers of ChemoCentryx in the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

32. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of ChemoCentryx will be unable to make a sufficiently

informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and ChemoCentryx**

33. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. ChemoCentryx is liable as the issuer of these statements.

35. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

36. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

37. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

38. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

39. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of ChemoCentryx within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of ChemoCentryx and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

45. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

46. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B.  In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: October 5, 2022         **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*